UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES E. BATES,

        Plaintiff,

v.                                          Case No. 3:22-cv-869-BJD-PDB

FLORIDA DEPT. OF CORRECTIONS,
et al.,

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, James E. Bates, an inmate of the Florida penal system proceeding *pro se*, initiated this action in the United States District Court for the Middle District of Florida, Fort Meyers Division, by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed *in forma pauperis* (Doc. 2). Shortly after filing his complaint, Plaintiff filed a motion to amend his complaint (Doc. 5) and a motion for appointment of counsel (Doc. 6). The Fort Meyers Division transferred the action to this Court because Plaintiff sues officers at Union Correctional Institution (UCI) for injuries he sustained when they transported him to Charlotte Correctional Institution. *See* Order (Doc. 9). In transferring the action, the Fort Meyers Division directed the Clerk "to deny as moot [Plaintiff's] pending motions." *Id.*

In his complaint, Plaintiff alleges Officers Combs and S. Cook were negligent in their transport of him. *See* Compl. at 5. He contends neither officer fastened his seatbelt, and Officer Combs was "speeding [and] not paying attention," and "slam[m]ed on the breaks . . . to avoid rear ending people." *Id.* at 4-5. Presumably because he was handcuffed and shackled, *id.* at 5, Plaintiff could not brace himself and was "thrown head first from the rear into the front steel wall," *id.* He received medical treatment for his injuries. *Id.*

In addition to naming Officers Combs and S. Cook as Defendants, Plaintiff names the Florida Department of Corrections (DOC) and the Warden of UCI. *Id.* at 2-3. He asserts the "DOC is liable for [his]safety" and breached that duty by failing to "seat belt [him] in." *Id.* at 5. As relief, he seeks damages. *Id.*

Under the Prison Litigation Reform Act (PLRA), a district court shall dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." *See id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. Plaintiff does not identify a constitutional amendment or federal law he believes Defendants violated. *See* Compl. at 3. Moreover, the only Defendants he lodges specific factual allegations against

3

are Officers Combs and S. Cook for failing to fasten his seatbelt or for "slam[m]ing on the breaks," causing him to fly forward. *Id.* at 5. These allegations at most suggest negligence.

An allegation that a prison official showed a mere "lack of due care" or was negligent, without more, does not state a claim under § 1983, even if the inmate sustained injuries. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Daniels v. Williams*, 474 U.S. 327, 332 (1986). *See also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (noting that § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes").

Even under a liberal reading of the complaint, Plaintiff does not allege facts permitting the reasonable inference any Defendant violated his constitutional or federal rights sufficient to state a claim under § 1983. As such, his complaint is subject to dismissal without prejudice.[1]

---

[1] Before the case was transferred to this Court, Plaintiff moved to amend his complaint (Doc. 5)—a request the Fort Meyers Division denied as moot when transferring the case. *See* Order (Doc. 9). Thus, that motion is not before this Court. However, were Plaintiff to renew his motion to amend his complaint, it would be denied as futile. In his motion to amend, Plaintiff sought only to substitute the Secretary of the DOC, Ricky Dixon, as a Defendant instead of the DOC itself. Had Plaintiff stated a plausible claim for relief against the officers involved in the transport, he would not be permitted to proceed against the Secretary of the DOC on a theory of respondeat superior or vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See*

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of August 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
James E. Bates

---

*also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior.").

5